IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEVY AULLON FIGUEROA, §<br>　#01151333, §<br>　　　　PETITIONER, §<br>　§<br>v. §<br>　§<br>LORIE DAVIS, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION DIV., §<br>　　　　RESPONDENT. § | CIVIL CASE NO. 3:19-CV-532-B-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. As detailed here, Petitioner Levy Aullon Figueroa's petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

**I.   BACKGROUND**

In 2003, Figueroa pled guilty to murder and was sentenced to 30 years' imprisonment. *State v. Figueroa*, No. 2-02-465 (382nd Jud. Dist. Ct., Rockwall Cty., Tex., Mar. 5, 2003). He did not appeal or seek state habeas relief. Doc. 1 at 3. On December 3, 2018, Figueroa filed the instant *pro se* federal habeas petition, challenging the calculation of his time credits, requesting deportation to Mexico, and alleging due process violations. Doc. 1 at 6-7. Respondent asserts the petition is wholly unexhausted and Figueroa did not file a reply. Doc. 13. Having now

reviewed all of the applicable pleadings and law, the Court concludes that Figueroa's petition is unexhausted and should be dismissed without prejudice.

## II.     ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

A review of his petition and a search of the state courts' docket sheets (available online) confirms that Figueroa did not file a state habeas application challenging the calculation of his time credits, alleging a due process violation, or requesting deportation. Doc. 13 at 5-6, 13.[1] Indeed, Figueroa acknowledges that such grounds are raised for the first time in his federal petition. Doc. 1 at 3, 8-9. Consequently, the Texas Court of Criminal Appeals has not had an

---

[1] The Texas Court of Criminal Appeals online docket sheets are available at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited April 11, 2019).

opportunity to consider Figueroa's claims and, thus, they remain unexhausted.[2]

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[3]

**SO RECOMMENDED** on May 2, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] Additional state exhaustion may also be required. *See* Tex. Gov't Code Ann. § 501.0081 (West 2019) (requiring Texas inmates to pursue time-credit complaints through a dispute resolution process within the prison system before raising such a claim in a state habeas application).

[3] A one-year statute of limitations for filing federal habeas corpus petitions, *see* 28 U.S.C. § 2254(d), applies to this and any future petition Figueroa may file in this Court.